IN THE UNITED STATES DISTRICT COURT
DISRTICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antrell Jermaine Fordham ) | Civil Action No.: 2:18-cv-345-RMG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| John B. McCree,[1] M.D.; Vernon Gore; ) | **OPINION AND ORDER** |
| Elizabeth A. Holcomb; Debra Middleton, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Before this Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 50) recommending that Defendant's motion for summary judgment (Dkt. No. 32) be granted and that Plaintiff's motion for a snack with his medication (Dkt. No. 35) be denied. For the reasons set forth below, the Court adopts in part and rejects in part the R & R and grants the Defendant's motion for summary judgment and denies Plaintiff's motion.

I.  **Background**

Plaintiff Antrell Jermaine Fordham is currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. (Dkt. No. 1 at 2.) While incarcerated, Plaintiff was prescribed the medication Geodon, with the recommendation that he take the medicine with food. (Dkt. No. 35-1.) Plaintiff alleges that sometime in 2016, the Defendants stopped providing the Plaintiff with a snack to take with his medication. (Dkt. No. 1 at 5 – 6.) Plaintiff states that the Defendants are aware that he needs a snack when taking Geodon. (*Id.*) Plaintiff alleges that he has lost weight as a result of not receiving a snack when he takes his medicine. (*Id.*)

---

[1] The correct spelling of this name is John B. McRee. (Dkt. No. 32-6).

On January 8, 2018, Plaintiff filed a grievance regarding the snack at Lieber. (Dkt. No. 32-2 at 29.) Plaintiff further attached two Request to Staff Members forms dated January 14, 2018, and January 25, 2018, regarding a snack. (Dkt. No. 1-1.) While Defendant claims his grievance was never returned, the warden marked the grievance as resolved on February 6, 2018, and the Plaintiff signed the grievance on February 14, 2018, checking that he "accept[s] the Warden's decision and consider[s] the matter closed." (Dkt. No. 32-2 at 30.)

Plaintiff filed this action on February 6, 2018, and is seeking $9,000 in damages. (*Id.*) Defendants filed a motion for summary judgment on August 9, 2018, and Plaintiff responded. (Dkt. Nos. 32, 47.) Plaintiff further filed a motion for a snack, which Defendants oppose. (Dkt. No. 35, 39.) The Magistrate Judge issued an R & R on October 22, 2018, and Plaintiff has not filed any objections. (Dkt. No. 50.)

## II. <u>Legal Standard</u>

### A. Summary Judgment

A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept. of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015) *citing Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections and the R & R is reviewed for clear error.

### III. Discussion

The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion is required even where a prisoner seeks remedies, such as monetary damages, that are not available at an administrative

proceeding. *See Booth v. Churner*, 532 U.S. 731, 740 (2001). It is the defendant's burden to establish that a plaintiff failed to exhaust his administrative remedies. *See Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to SCDC policy, as demonstrated on the form provided to Plaintiff, an inmate seeking to complain of prison conditions must first attempt to informally resolve the complaint. Next, an inmate may file a "Step 1 Grievance" with prison staff, and appeal the decision via a "Step 2 Grievance." (Dkt. No. 32-2 at 29 – 30.)

Plaintiff has not exhausted his administrative remedies with respect to his claims here. Plaintiff filed his Complaint on February 6, 2018. His step one grievance was reviewed by the warden the same day, and his grievance was returned to him on February 14, 2018, after the Complaint was filed. (Dkt. No. 32-2 at 30.) Therefore, Plaintiff cannot show that he exhausted his administrative remedies at the time he filed his Complaint. *See Cabbagestalk v. Ozmint*, No. CA 9:06-3005-MBS, 2007 WL 2822927, at *1 (D.S.C. Sept. 27, 2007) ("court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.") (colleting cases). Furthermore, after the Complaint was filed, Petitioner accepted the warden's decision and checked that he "consider[ed] the matter closed." (Dkt. No. 32-2 at 30.) Finally, while the monetary damages Plaintiff seeks are not available through administrative remedies, the Plaintiff nonetheless must exhaust administrative remedies under the PLRA. *See Booth* 532 U.S. at 741 (administrative remedies must be exhausted).

Plaintiff did not exhaust his administrative remedies prior to filing his complaint, and his claims are barred under the PLRA. The Court therefore declines to address the merits of the case.

*See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) (holding that while an alternative holding is "tempting," it is nonetheless dicta).

Plaintiff also filed a motion to order the Defendants to give Plaintiff a snack with his medication. (Dkt. No. 35). For the same reasons discussed above, the Plaintiff failed to exhaust his administrative remedies on his motion for a snack, and the motion is denied.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R & R (Dkt. No. 50). The Court **REJECTS** the portions of the R & R discussing Plaintiff's Eighth and Fourteenth Amendments Claims. (Dkt. No. 50 at 7 – 12.) All other sections of the R & R are **ADOPTED**. Therefore, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust his administrative remedies. Plaintiff's motion for a snack (Dkt. No. 35) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 13, 2018
Charleston, South Carolina